UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **FAIR GAMING ADVOCATES MA LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW US, INC.,**<br><br>**Defendants.** | **Civil Action No.**  23-CV-12878 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants VGW Holdings Limited ("VGW Holdings"), VGW Malta Limited ("VGW Malta"), VGW Luckyland, Inc. ("VGW Luckyland") and VGW US, Inc. ("VGW US") (collectively, "Defendants"), by counsel pursuant to 28 U.S.C. §§ 1441 and 1446, hereby specially appear for the purpose of this removal and, preserving all defenses, remove this civil action from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

In support of this Notice of Removal, Defendants state as follows:

### I.   OVERVIEW

1. On or about October 30, 2023, Plaintiff Fair Gaming Advocates MA LLC ("Plaintiff") filed suit against Defendants in the Superior Court of Suffolk County, Massachusetts, Case No. 2384CV02451. Defendants specialize in the development and publication of online casino-themed social games. *See* Declaration of Michael Thunder ("Thunder Decl.") ¶ 3. Plaintiff alleges that Defendants' games, including *Luckyland Slots* and *Chumba Casino*, are unlawful gambling in Massachusetts. Ex. A, Compl. ¶¶ 124–38. Plaintiff asserts a claim under M.G.L. ch.

137 § 1 to recover for *itself*—and *only itself*—treble the amount spent by **all Massachusetts residents** to purchase virtual coins in Defendants' games "more than three months and up to a year" preceding the filing of Plaintiff's lawsuit on October 30, 2023. *Id.*, Compl. ¶ 127.

2. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all process, pleadings, and orders filed in the state court case to date. Defendants have not been served with the summons and complaint, nor have Defendants filed any responsive pleadings.

3. This removal is timely because Defendants have filed and served this notice of removal within 30 days of their receipt of the complaint, despite none of the Defendants having been served. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). The basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Notwithstanding that they have yet to be served, Defendants specially appear solely for the purpose of removing the state court action to this Court and reserve all defenses, including the defenses of insufficient service of process and lack of personal jurisdiction.

5. Pursuant to Local Rule 81.1, Defendants will file certified or attested copies of all records and proceedings and docket entries in the state court with this Court within 28 days of the filing of this Notice.

6. A copy of this Notice of Removal will be filed with the Suffolk County Superior Court, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

## II.    JURISDICTION AND VENUE

7. By removing the state court action to this Court, Defendants do not consent to this Court's exercise of personal jurisdiction over them in this litigation and reserve the right to move for dismissal on that and any other grounds available to them.  *See Garden Homes, Inc. v. Mason*, 238 F.2d 651, 653 (1st Cir. 1956) (defense of insufficient service of process and lack of personal jurisdiction not waived upon removal); *cf. Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 79 (D. Mass. 2016) (granting defendant's motion to dismiss for insufficient service of process that was filed two months after defendant removed the case).

8. Subject matter jurisdiction is based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states" or citizens of a state and a foreign state.

9. For purposes of removal, venue is proper in the District of Massachusetts, Eastern Division, because the state court action was filed in the Superior Court of Suffolk County.  Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, Defendants expressly reserve the right to move for dismissal on the ground of (among other things) improper venue under Federal Rule of Civil Procedure 12(b)(3), including based on the exclusive forum selection provisions in Defendants' terms of service.  *See Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) ("It is well settled that the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue.").

## III.    GROUNDS FOR REMOVAL

10. Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different

states" or between citizens of a state and a foreign country where the amount in controversy exceeds $75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). All requirements are met in this case.

### A. Complete Diversity Exists between Plaintiff and Defendants

11. For purposes of diversity jurisdiction, a corporation is a citizen of every state and foreign state in which it is incorporated and the one state or foreign state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The citizenship of a limited liability company ("LLC") "is determined by the citizenship of all of its members." *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011). Foreign limited companies that are the functional equivalent of a U.S. corporation "are treated as corporations for the purposes of diversity subject-matter jurisdiction." *See Banks v. Saba*, 2021 WL 4342098, at *9 (D. Mass. 2021); *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816, at *3 (D. Conn. 2013); *VistaJet Ltd. v. Paragon Jets LLC*, 2022 WL 431431, at *3 n.1 (E.D.N.Y. 2022) (treating Maltese limited company as foreign corporation for purposes of diversity jurisdiction). Foreign limited companies that are the functional equivalent of a U.S. LLC are treated as LLCs for the purposes of diversity jurisdiction. *See Century Metal Recycling, Pvt. Ltd.*, 2013 WL 5929816, at *3.

12. Plaintiff is a Massachusetts LLC that was formed on October 17, 2023, less than two weeks before this lawsuit was filed. Plaintiff's Certificate of Organization, filed with the Secretary of the Commonwealth of Massachusetts on October 17, 2023, was signed by Theresa Donahue as the person "authorized to execute documents to be filed" by Plaintiff "with the Corporations Division." Ex. A, Compl. ¶¶ 19, 125–27; *see also id.*, Ex. B (Fair Gaming Advocates MA LLC Certification of Organization). On information and belief, Ms. Donahue is a domiciliary of Massachusetts and is the sole member of Plaintiff. Thus, for purposes of diversity jurisdiction,

Plaintiff is a citizen of Massachusetts. *See D.B. Zwirn*, 661 F.3d at 125. But even if there are other members of Plaintiff besides Ms. Donahue, Defendants aver, on information and belief, that none of Plaintiff's members is a citizen of Australia, Malta, or Delaware.

13. VGW Holdings is an Australian limited company, organized under the laws of Australia, incorporated in Australia, with its principal place of business in Australia. *See* Thunder Decl. ¶ 2. VGW Holdings is a public company.[1] *See id.* Thus, for the purposes of diversity jurisdiction, VGW Holdings is an Australian citizen. *See Banks*, 2021 WL 4342098, at *9 (D. Mass. 2021).

14. VGW Malta is a Maltese limited company, organized under the laws of Malta, with its principal place of business in Malta. *See* Thunder Decl. ¶ 5. If, for purposes of diversity jurisdiction, VGW Malta were considered a foreign corporation, then VGW Malta is a citizen of Malta. 28 U.S.C. § 1332(c)(1); *see Banks*, 2021 WL 4342098, at *9; *VistaJet Limited*, 2022 WL 431431, at *3 n.1.

15. If, however, VGW Malta were considered a foreign LLC for purposes of diversity jurisdiction and its citizenship were to be determined by the citizenship of each of its members, it would be a citizen of Australia, as depicted and explained below:



*Note: arrow points to entity's member(s).

---

[1] An Australian limited company is the functional equivalent of a U.S. corporation for diversity purposes.

16. Defendant VGW Malta has two members: VGW Malta Holding Limited (a Maltese limited company) and VGW Corporation Pty. Ltd. (an Australian proprietary limited company). *See* Thunder Decl. ¶ 5.

17. VGW Malta Holding Limited is a Maltese limited company, organized under the laws of Malta, with its principal place of business in Malta. It has two members: VGW Corporation Pty. Ltd. (the Australian proprietary limited company) and VGW Holdings (an Australian public company). *See* Thunder Decl. ¶ 6.

18. VGW Corporation Pty. Ltd. is an Australian proprietary limited company, organized under the laws of Australia, with its principal place of business in Australia.[2] It has one member: VGW (the Australian public company). *See* Thunder Decl. ¶ 7.

19. Because Defendant VGW Malta, if treated as a foreign LLC, takes on the citizenship of its members (VGW Malta Holding Limited and VGW Corporation Pty. Ltd.), which, in turn, each take on the citizenship of its members (ultimately, VGW Holdings), VGW Malta, if treated as an LLC, would be an Australian citizen for the purposes of diversity jurisdiction. *See Century Metal Recycling, Pvt. Ltd.*, 2013 WL 5929816, at *3.

20. Finally, VGW Luckyland and VGW US are Delaware corporations with their principal place of business in Delaware. *See* Thunder Decl. ¶¶ 8, 9. Thus, for purposes of diversity jurisdiction, VGW Luckyland and VGW US are citizens of Delaware. 28 U.S.C. § 1332(c)(1).

21. Accordingly, complete diversity exists here because no plaintiff and no defendant are citizens of the same state. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 and 1332(a).

---

[2] An Australian proprietary limited company is the functional equivalent of a U.S. LLC for diversity purposes.

### B. The Amount in Controversy Exceeds $75,000

22. The "amount in controversy" element requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

23. In determining whether the amount of controversy requirement is satisfied, a plaintiff's "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004). The removing defendant may submit evidence to establish that the amount in controversy requirement is satisfied. *See Barbosa v. Wells Fargo Bank, N.A.*, 2013 WL 4056180, at *3 (D. Mass. 2013) ("Since the jurisdictional amount is not facially apparent from the petition, the Court must 'look to the notice of removal and any other materials submitted by [defendant]' to determine if [defendant] has satisfied its burden.").

24. Here, Plaintiff alleges in the state court complaint that "the damages sought by Plaintiff far exceed $50,000" (Ex. A, Compl. ¶ 17), and, in fact, that the amount at issue is likely multi millions of dollars (*see id.*, Compl. ¶ 13). Plaintiff asserts a claim under M.G.L. ch. 137 § 1 to recover for ***itself***—and ***only itself***—treble the amount allegedly spent by ***all Massachusetts residents*** to purchase "Gold Coins" and "Sweeps Coins" when playing Defendants' online casino-themed social games "more than three months and up to a year" preceding the filing of Plaintiff's lawsuit on October 30, 2023. *Id.*, Compl. ¶¶ 124–38 (asserting claim under M.G.L. ch. 137 § 1, which grants "any other person" the right to "sue for and recover in tort treble the value" of a losing gambler's losses where the losing gambler has not filed suit to recover his losses "within three months after such loss"); *id.*, Compl. ¶ 132 ("Plaintiff is now entitled to recover the monetary losses suffered by all Massachusetts residents lost from wagering at Defendants' games."); *see also Donovan*, 324 Mass. at 394 (limitations period for a third-party recovery claim under M.G.L. ch. 137 § 1 is one year).

25. "Sweeps Coins" are not available for purchase at any time. However, the total amount spent by Massachusetts residents to purchase "Gold Coins" in Defendants' games from October 30, 2022, to October 30, 2023, exceeds $75,000. Thunder Decl. ¶ 14. Accordingly, the amount in controversy requirement for removal is satisfied. 28 U.S.C. § 1332(a).

### IV.   CONCLUSION

26. As set forth above, removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

27. By removing the state court action to this Court, Defendants reserve and do not waive any and all defenses, objections, or motions available to them under state or federal law, including any defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants remove this action from the Superior Court of Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

///

///

- 9 -

Dated: November 28, 2023

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Matthew D. LaBrie*
Matthew D. LaBrie (BBO No. 693698)
mlabrie@orrick.com
222 Berkeley Street, Suite #2000
Boston, MA 02116
T:	+1 617 880 1800
F:	+1 617 880 1801

*Counsel for VGW Holdings Limited, VGW Malta Limited, VGW Luckyland, Inc., and VGW US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November 2023, the foregoing document was served on counsel of record for Plaintiff Fair Gaming Advocates MA LLC, listed below, via email and certified mail:

Quinn Heath, Esq.
476 Windsor Street #1
Cambridge, MA 02141
Quinn@MensingGroup.com

*Counsel for Fair Gaming Advocates MA LLC*

/s/ Matthew D. LaBrie
Matthew D. LaBrie