UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **FAIR GAMING ADVOCATES MA LLC,**<br>*Plaintiff,*<br><br>v.<br><br>**VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW US, INC.,**<br>*Defendants.* | Civil Action No. 1:23-cv-12878 |

## MEMORANDUM OF LAW OF PLAINTIFF IN SUPPORT OF ITS MOTION FOR REMAND TO THE MASSACHUSETTS SUPERIOR COURT

                                                   Quinn Heath, Esq.
                                                   476 Windsor Street #1
                                                   Cambridge, MA 02141
                                                   Board of Bar Overseers No.: 709258
                                                   Telephone: (617) 468-8343
                                                   Email: quinn@cfsattorneys.com
                                                   *Attorney for Plaintiff*

## SUMMARY OF ARGUMENT

Plaintiff Fair Gaming Advocates MA LLC ("FGA MA LLC") respectfully requests the Court remand this case to the Superior Court of Suffolk County, Massachusetts. Defendants allege a single legal basis for removal and jurisdiction in this court, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Doc. 1, at ¶¶ 3, 8, 10, 21, 25-26 [hereinafter, <u>Defendants' Notice of Removal</u>]. Plaintiff alleges that four bases for remand exist, each of which serves as an independent and individual reason that remand to the Suffolk Superior Court is required in this action:

    (1) For purposes of 28 U.S.C. § 1332(a), <u>Plaintiff and Defendants each include residents of Delaware and therefore complete diversity does not exist</u>;

    (2) <u>Plaintiff does not allege an injury-in-fact supporting Article III standing</u> in federal court;

    (3) Defendants <u>have not submitted evidence sufficient to support by a preponderance of the evidence that the amount in controversy exceeds $75,000</u> pursuant to 28 U.S.C. § 1446(c)(2)(B) and <u>have not alleged any specific or general amount of cognizable and compensable losses</u>; *and*

    (4) Defendants have <u>improperly aggregated damages in this "private attorney general action" and have not alleged that at least one *single* Massachusetts consumer has lost over $75,000</u>.

Each of these arguments speaks to the subject-matter jurisdiction of the Court, and therefore each enumerated argument is an <u>independent</u> basis requiring remand standing alone. 28 U.S.C § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded.") (emphasis added). This case must be remanded for these reasons.

First, Plaintiff—for purposes of the diversity jurisdiction analysis—is a resident of the state of Delaware. Defendants VGW US, Inc. ("VGW US") and VGW Luckyland Inc. ("VGW Luckyland")—for purposes of a diversity jurisdiction analysis—are both residents of (including but not limited to) the state of Delaware. As Plaintiff and two (2) Defendants are residents of the same state for the purposes of 28 U.S.C. § 1332, the diversity statute—the sole alleged basis for jurisdiction in federal court—cannot and does not establish subject matter jurisdiction in this forum. As such, this Court must remand this case to state court.

Second, Defendants have failed to meet their burden to establish Article III standing in federal court. Plaintiff in this case, Fair Gaming Advocates MA LLC, has never had an account with any of the Defendants' services and Plaintiff's sole member—a Delaware corporation—has never participated in said services. Exhibit A, ¶ 4; see Steiner v. Draftkings, Inc. (In re Daily Fantasy Sports Litig.), No. MDL 16-02677-GAO, at *3 (D. Mass. June 23, 2022), Doc. 504, at *1 [hereinafter Daily Fantasy Sports Litig. Order] ("According to his allegations, Steiner has never had an account with either of the DFS defendants or himself participated in any of their online contests.") (attached as Exhibit C). Rather, Plaintiff brings this action in effect as a "private attorney general" seeking to protect residents of the Commonwealth of Massachusetts from unlicensed and unregulated gambling by prosecuting a monetary claim statutorily assigned by the Commonwealth to Plaintiff's LLC by operation of Massachusetts statutory law. See id.; Mass. Gen. Laws. c. 137 § 1. Because Plaintiff has not suffered and does not allege an injury-in-fact to itself, Article III standing does not exist in this case. Issues of state-court standing are

3

necessarily left to the state court to resolve in the first instance and as such this action must be remanded. See Daily Fantasy Sports Litig. Order, at *3.

Third, Defendants in their Notice of Removal have not sufficiently alleged actual amounts lost by MA consumers and has provided no information indicating that "losses", *i.e.*, damages, have occurred exceeding $75,000. To avoid remand Defendants must support an amount-in-controversy finding by a preponderance of the evidence—Defendants have failed to properly allege the amount-in-controversy required for this Court to have diversity jurisdiction when damage amounts are contested and are not evident from the filed complaint. See 28 U.S.C. § 1332(a); Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) […] when the plaintiff contests, or the court questions, the defendant's allegation."); Defendants' Notice of Removal, ¶ 25. As to 'Sweeps Coins', Defendants allege, contrary to their financial statements, that "'Sweeps Coins' are not available for purchase at any time." Defendants' Notice of Removal, ¶ 25. Defendants allege as to 'Gold Coins' not that any specific Massachusetts consumer lost over $75,000 but rather only generally that "the total amount spent by Massachusetts residents to purchase 'Gold Coins' in Defendants' games from October 30, 2022, to October 30, 2023, exceeds $75,000." Defendants' Notice of Removal, ¶ 25 (emphasis added). On the other hand, Plaintiff's Complaint does not allege that Plaintiff is entitled to every currency *purchase.* The alleged fact that Massachusetts players purchased over $75,000 in virtual currencies (although a fact supported by a declaration) does not itself equate or support an alleged "losses" amount of $75,000 when Defendants' allegations are read in harmony with the filed complaint. For example, over $75,000 of currency may be purchased by players but then not used on staked gambling—Plaintiff alleges that Defendant "mak[es] it difficult for consumers to collect and redeem SC." See Doc. 1-1, ¶ 61

4

[hereinafter, Complaint]. Further, Defendants reportedly return at least a portion of revenues to players in the form of prizes—Plaintiff alleges that "Defendants from time-to-time advertise a return to consumers of over 90% on particular Luckyland Defendants' games" and that "Defendants' Games likely provide approximately 70.21% return to consumers." Complaint, ¶ 104, 106. By failing to mention the rate of returns to Massachusetts players, it is impossible to determine whether the amount-in-controversy is met (by a preponderance of the evidence). The burden is on the Defendants as the parties seeking the ambit of limited federal court jurisdiction to establish such facts by a preponderance of the evidence, with evidence. See Dart Cherokee Basin Operating Co., 574 U.S. at 89. As Defendants have failed to do so, this case must be remanded.

Fourth and in line with the reasoning of Rice v. Aristocrat Leisure, LTD, No. 3:23-00480-LCB (D. Ala. Aug. 11, 2023) (attached as Exhibit B), Defendants have improperly aggregated damages. Mass. Gen. Laws. c. 137 § 1 is a "private attorney general action" which historically assigned claims of the Commonwealth of Massachusetts partially (and later completely assigned such claims) to third parties. See Mass. Rev. Stat. c. 50 § 12 (1836) ("[I]t shall be lawful for any other person, to sue for and recover treble the value of such money or goods…the one moiety to the use of the person so prosecuting, and the other moiety to the use of the Commonwealth.") Because "private attorney general" type actions do not allow for the aggregation of damages to establish diversity jurisdiction, and because Mass. Gen. Laws c. 137 § 1 is such a type of action, Mass. Gen. Laws. c. 137 § 1 damages cannot be aggregated for the purposes of establishing diversity jurisdiction and therefore Defendants had the burden to allege that a single Massachusetts player lost (as opposed to spent, as discussed above) over $75,000.00 to Defendants' games. See Rice, No. 3:23-00480-LCB.

**FACTUAL BACKGROUND**

Plaintiff Fair Gaming Advocates MA LLC commenced this action against Defendants VGW Holdings Limited, VGW Malta Limited, VGW Luckyland Inc., and VGW US, Inc. on October 30, 2023, in the Suffolk Superior Court in the Commonwealth of Massachusetts. Plaintiff alleges no direct harm by Defendants as the single claim raised by Plaintiff is a statutory cause of action allowing "any other person" to reclaim the losses of Massachusetts residents to unlicensed gambling, sweepstakes, or staked gaming.

Plaintiff is a Massachusetts limited liability company with a sole member, FGA DE INC. Exhibit A, ¶ 2. Neither Plaintiff nor FGA DE Inc. nor any shareholder of FGA DE INC. have created an account at or played games on <u>any</u> of Defendants' services, games, or websites. Id. ¶ 4.

Defendants jointly filed their Notice of Removal with this Court on November 28, 2023, and seek to remove the action to federal court. Because this court lacks jurisdiction and the bases for removal stated by Defendants are improper, this case should be remanded to Massachusetts state court.

**ARGUMENT**

**I.   "Complete Diversity" does not exist as Plaintiff and two (2) Defendants are residents of Delaware for purposes of 28 U.S.C. § 1332.**

There is an "irrefragable…burden of establishing [diversity] jurisdiction" which falls on the party which asserts it and "…a party asserting the existence of diversity jurisdiction under 28 U.S.C. § 1332 must allege facts sufficient to show that the requirements for such jurisdiction are satisfied in the particular case[.]" <u>Sang Cheol Woo v. Spackman</u>, 988 F.3d 47 (1st Cir. 2021).

Removal statutes are strictly construed *against* removal and "[r]emoving defendants have the burden of showing the federal court's jurisdiction[.]" Haber v. Massey, 904 F. Supp. 2d 136, 142-43 (D. Mass. 2012), citing Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999) (cleaned up). Diversity of citizenship is "measured by the 'facts that existed at the time of filing[.]'" Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12 (1st Cir. 2019). This Court has a duty to affirm itself of its jurisdiction and parties "cannot confer subject matter jurisdiction on a federal court 'by indolence, oversight, acquiescence, or consent.'" Id., 936 F.3d at n. 12, quoting Am. Fiber & Finishing, 362 F.3d 136, 139 (1st Cir. 2004).

If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C § 1447(c) (emphasis added). Where this Court lacks standing, this Court has no discretion to dismiss the action and rather must remand the case to state court for further proceedings. 28 U.S.C § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added); see Daily Fantasy Sports Litig. Order, at *3 ("[T]he literal words of § 1447(c), . . . on their face, give . . . no discretion to dismiss rather than remand an action.") quoting Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs., 876 F.2d 1051, 1054 (1st Cir. 1989).

Establishing jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" between all plaintiffs and defendants, such that "no defendant shares state citizenship with any plaintiff." See BRT Mgmt. v. Malden Storage LLC, 68 F.4th 691, 692 (1st Cir. 2023). If any Plaintiff is a resident of the same state as any Defendant then "complete diversity" is broken and this Court must remand this action to state court. See id.; Daily Fantasy Sports Litig. Order, at *3; M I Heat Transfer Products v. Willke, 131 F. Supp. 2d 256 (D. Mass. 2001).

Rules for determining the citizenship of corporate entities for the purposes of determining complete diversity differ for (1) limited liability companies and (2) corporations. As Defendants correctly recite in their Notice of Removal, "[t]he citizenship of a limited liability company ('LLC') 'is determined by the citizenship of all of its members.'" Defendants' Notice of Removal, ¶ 11; see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011). This rule applies to all other types of "unincorporated associations" as well. 28 U.S.C § 1332(d)(10). On the other hand, Congress has declared a carve-out from the member-citizenship rule for corporations (and only corporations), such that "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." Bearbones, 936 F.3d at 14, citing 28 U.S.C. § 1332(c)(1) (2011).

Plaintiff, for purposes of 28 U.S.C. § 1332, is therefore a resident of the state of Delaware. Exhibit A, ¶ 2-3. Plaintiff is a Massachusetts limited liability company which is 100% owned and controlled by a single Member, FGA DE INC. Id. FGA DE INC. is incorporated in the state of Delaware. Id. Defendants VGW US and VGW Luckyland are both incorporated in the state of Delaware. Defendant's Notice of Removal, at ¶ 20. As Plaintiff is the resident of the same state as two (2) Defendants for purposes of the diversity statute, complete diversity does not exist. As such, the single ground for jurisdiction raised by Defendants is improper, this Court lacks subject-matter jurisdiction, and this Court must remand the case to state court for further proceedings.

    **II.    Plaintiffs do not allege an injury-in-fact supporting Article III standing in this Court.**

Article III of the U.S. Constitution limits federal courts to deciding "cases or controversies", commonly known as a requirement that Plaintiffs have federal court "standing." See U.S. Const. art. III, § 2. The "first and foremost" concern in the inquiry is that the plaintiff must allege an "injury in fact." See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 103 (1998)).

Plaintiff in this case, Fair Gaming Advocates MA LLC, has never had an account with any of the Defendant's services and its sole member has never participated in said services. See Exhibit A, ⁋ 4; Daily Fantasy Sports Litig. Order, at *1 ("According to his allegations, Steiner has never had an account with either of the DFS defendants or himself participated in any of their online contests.") The injury alleged by Plaintiff is a harm to the residents of the Commonwealth of Massachusetts rather than Plaintiff itself, the cause of action for which has been statutorily assigned to Plaintiff by operation of Mass. Gen. Laws. c. 137, § 1. Plaintiff further alleges no personal stake in the outcome of the litigation and alleges no distinct or palpable injury to itself. As Plaintiff has no standing to proceed in federal court and correctly filed this claim in state court, a remand by this Court is obliged. See Daily Fantasy Sports Litig. Order ("[T]he literal words of § 1447(c), . . . on their face, give . . . no discretion to dismiss rather than remand an action.")

### III. This Court cannot make sufficient factual findings regarding the amount-in-controversy requirement of 28 U.S.C. § 1332.

Plaintiff disputes that sufficient factual findings can be made by this Court on the present record which would allow Defendants to establish the amount-in-controversy requirement for jurisdiction under 28 U.S.C. § 1332.

Where Plaintiff disputes that the amount-in-controversy requirement has been met, where the Complaint makes no specific demand, and the Defendant seeks the benefit of removal, remand is required unless this Court can make "requisite findings of fact" pursuant to the Jurisdiction and Venue Clarification Act (the "Clarification Act"), Pub. L. No. 112-63, 125 Stat. 758 (codified at 28 U.S.C. §§ 1441, 1446). Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88 (2014); see Dias v. Genesco, Inc., 365 F. Supp. 3d 158, 159 (D. Mass. 2019) (requiring parties to provide supplemental briefing relating to factual findings necessary to retain a case following the 2011 Clarification Act). In such cases, this Court "must analyze whether it may accept the figure [if any] asserted in…[a] notice of removal[.]" Id. at 159, 162-164. The Clarification Act requires that "when a defendant's assertion of the amount in controversy is challenged [as in this Motion to Remand] ... both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 162-163 (emphasis added) quoting Dart, 574 U.S. at 88. Two independent reasons exist as to why Defendants have failed to properly establish the amount in controversy by a preponderance of the evidence: (1) Defendants have only alleged an amount of Massachusetts consumer purchases, not compensable consumer losses; and (2) Defendants have improperly aggregated damages and have not alleged that a single Massachusetts consumer has lost over $75,000.

### A. *Defendants have not alleged any information about Massachusetts consumer losses.*

Although Defendants' Financial Statements referred to in Plaintiff's Complaint demonstrate vast global revenues by Defendants and Plaintiff alleges a generally large number lost by Massachusetts consumers to Defendants, no facts or allegations on this record exist

10

demonstrating that damages in this case may exceed the $75,000 jurisdictional threshold either in aggregate or as to a single individual victim. Neither Defendants' financial statements nor the facts provided by Defendants in their Notice of Removal elucidate the proportion of those global revenues which come from consumers in Massachusetts. It is not proper to find on this record the amount-in-controversy requirement is satisfied.

Plaintiff alleges not that it is owed all of the money bet by Massachusetts consumers on Defendants' games, only the "monetary losses suffered by all Massachusetts residents lost from wagering." Complaint, at ¶ 132 (emphasis added). Defendants' Declaration, however, states only that "the total amount of 'Gold Coin' purchases made by Massachusetts users of VGW Group's games…[for the covered period] exceeds $75,000." See Defendants' Notice of Removal, ¶ 25 (emphasis added). The simple purchase of $75,000.00 in game currency does not equate to a damage amount of $75,000.

To properly establish an amount of damages by a preponderance of the evidence, Defendants would first need to allege and submit evidence of the rate at which purchased Sweeps and Gold Coins are returned to consumers in the form of real money. Plaintiff alleges that "Defendants from time-to-time advertise a return to consumers of over 90% on particular Luckyland Defendants' games" and that "Defendants' Games likely provide approximately 70.21% return to consumers." Complaint, ¶ 104, 106. By omitting the amount of returns to Massachusetts players, Defendants make it impossible to determine whether the amount-in-controversy is met. If, as alleged on certain games, Defendants' return 90% of revenues to Massachusetts consumers—Defendants would have had to allege that over $500,000 in 'Gold Coins' were purchased during the loss period from Massachusetts players:

11

```
$500,000.00 gold coins purchased * 5% (0.05) rate of retained

revenues * 3.00 treble damages = $75,000.00 Damages
```

Facts are not present on this record which establish the amount-in-controversy. The burden is on the Defendant as the party seeking jurisdiction to establish such facts by a preponderance of the evidence, with evidence. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) […] when the plaintiff contests, or the court questions, the defendant's allegation."). As such, § 1446(c)(2)(B) requires remand to state court—whether the amount-in-controversy is examined on an aggregate or individual basis. See infra, at Section III(b) (analyzing whether damages are assessed on an aggregate or individual basis).

## B. Defendants have improperly aggregated damages and must allege that a <u>single</u> Massachusetts consumer has lost over $75,000.

Generally, "[t]he separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Snyder v. Harris, 394 U.S. 332, 334 (1969). Although this case has a single Plaintiff, for purposes of establishing the amount-in-controversy requirement in the diversity statute actions which are brought in the style of a "private attorney general" are not to be aggregated. See id.; Rice v. Aristocrat Leisure, LTD, No. 3:23-00480-LCB (D. Ala. Aug. 11, 2023) (attached as Exhibit B). Mass. Gen. Laws. c. 137 § 1 is a "private attorney general action" because it historically assigned claims of the Commonwealth of Massachusetts partially, and later completely, to third parties. See Mass. Rev. Stat. c. 50 § 12 (1836) ("[I]t shall be lawful for any other person, to sue for and recover treble the value of such money or goods…the one moiety to the use of the person so prosecuting, and the other moiety to the use of the Commonwealth."). As such, Mass. Gen. Laws. c. 137 § 1 is an action in which

12

Plaintiff is in effect prosecuting individual claims which have been assigned to Plaintiff by operation of statute. As Plaintiff is prosecuting the interests of potentially many individuals with independent interests, and no common interest exists as to which damages can be properly aggregated.

Defendants have not alleged the losses of any Massachusetts consumers in aggregate or individually, as described in the previous section. Further, Defendants have not alleged the purchases or losses or any particular individual that are in excess of $75,000. For these reasons, Defendants have further failed to demonstrate that the amount in controversy requirement is met by a preponderance of the evidence and this Court must remand the action for further proceedings in state court.

## CONCLUSION

For the reasons stated above, this case must be remanded to the Suffolk Superior Court in the Commonwealth of Massachusetts.

Dated: December 28, 2023                            FAIR GAMING ADVOCATES MA LLC

    /s/ Quinn Heath
_____

Quinn Heath, Esq.
476 Windsor Street #1
Cambridge, MA 02141
Board of Bar Overseers No.: 709258
Telephone: (617) 468-8343
Email: quinn@cfsattorneys.com
*Attorney for Plaintiff*

## LOCAL RULE 7.1 CERTIFICATION

      Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that he has conferred with counsel for Defendants regarding the relief requested in good faith to resolve or narrow the issues.

                              **/s/ Quinn Heath**
                              _____
                              Quinn Heath, Esq.

## CERTIFICATE OF SERVICE

I, Quinn Heath, hereby certify I caused to be served by email, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

                              **/s/ Quinn Heath**
                              _____
                              Quinn Heath, Esq.